# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PATRICK MARTIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 16 C 6405 |
| v. ) | |
| ) | Chief Judge Rubén Castillo |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Patrick Martin ("Petitioner") filed a petition to vacate his sentence under 28 U.S.C. § 2255 based on the U.S. Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (R. 1.) For the reasons set forth below, the petition is denied.

## BACKGROUND

In 2009, Petitioner and his co-defendant, John Gower, were charged in a two-count indictment with bank robbery in violation of 18 U.S.C. § 2113(a) (Count One) and using a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (Count Two). *United States v. Martin*, No. 09 CR 807-2, R. 14. In October 2010, Petitioner entered a guilty plea to both counts of the indictment. *Id.*, R. 48. As part of the plea, Petitioner admitted that he had robbed First National Bank in South Holland, Illinois, while armed with a 9mm Ruger handgun. *Id.* at 2-3. He also admitted that at the time of the robbery the bank was insured by the Federal Deposit Insurance Corporation ("FDIC"). *Id.* at 4. He further admitted that after robbing the bank, he and Gower led police on a high-speed chase, during which time he fired four shots from his handgun. *Id.* In the plea, Petitioner agreed to waive his trial rights as well as any arguments for appeal other than issues related to the validity of his plea and the sentence

imposed by the Court. *Id.* at 9. In January 2011, the Court sentenced Petitioner to 90 months on Count One and 120 months on Count Two, to run consecutively. *Id.*, R. 70. Petitioner did not appeal.

In June 2016, Petitioner filed the present petition. (R. 1, Pet.) He claims that his Section 924(c) conviction must be vacated because the predicate offense for which he was convicted of using and carrying a firearm in furtherance of—bank robbery—does not constitute a "crime of violence" after *Johnson*.[1] (R. 3, Mem. at 1-6; R. 10, Suppl. at 1-10.) He separately claims that the indictment in his case was "jurisdictionally defective" because the FDIC did not insure First National Bank for losses as a result of bank robbery, which in his view meant that there was an insufficient federal connection to his offense. (R. 3, Mem. at 7-17.) He relatedly claims that his trial counsel was ineffective because he failed to object to the indictment on this ground. (*Id.* at 14-17.) The government responds that Petitioner has not established an entitlement to relief under Section 2255.[2] (R. 11, Resp.)

## LEGAL STANDARD

A federal prisoner can move to vacate his sentence on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a

---

[1] In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court made the holding of *Johnson* retroactive to cases on collateral review. Defendants (like Petitioner) whose criminal cases were already final at the time *Johnson* was decided had one year from the date the *Johnson* opinion was issued—or until June 26, 2016—to seek relief under Section 2255. *See Holt v. United States*, 843 F.3d 720, 723 (7th Cir. 2016). This petition mailed on June 16, 2016, was filed before that deadline.

[2] Petitioner was granted until June 6, 2017, to file a reply in support of his petition. (R. 8, Min. Entry.) The deadline has passed and to date no reply has been received.

fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013).

## ANALYSIS

### I. *Johnson* claim

In his first claim, Petitioner argues that his Section 924(c) conviction must be vacated in light of the Supreme Court's decision in *Johnson*. (R. 1, Pet. at 4; R. 10, Suppl. at 14.) *Johnson* addressed the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which provides enhanced sentences for defendants convicted of possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g) who have "three previous convictions by any court . . . for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). A defendant who meets this definition is subject to a mandatory prison sentence of 15 years to life. *Id.* The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that meets one of the following requirements: (1) it "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) it is burglary, arson, extortion, or an offense involving the use of explosives; or (3) it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). The first clause is commonly referred to as the "elements clause," the second as the "enumerated crimes clause," and the third as the "residual clause." In *Johnson*, the Supreme Court invalidated the ACCA's residual clause as unduly vague, but left intact the enumerated crimes clause and the elements clause. *See Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."); *Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016)

3

("*Johnson* holds that the residual clause is unconstitutionally vague. *Johnson* does not otherwise affect the operation of the Armed Career Criminal Act.").

Similar to the ACCA, Section 924(c) contains an elements clause that defines "crime of violence" as an offense having "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Section 924(c) also contains a residual clause covering offenses that "involve[] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). Given the similarities between the residual clauses contained in the ACCA and Section 924(c), the U.S. Court of Appeals for the Seventh Circuit has held that the residual clause in Section 924(c) is void for vagueness in light of *Johnson*. *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016).

Petitioner argues that after *Johnson*, his Section 924(c) conviction is invalid because bank robbery no longer constitutes a "crime of violence" due to the Supreme Court's invalidation of the residual clause. (R. 10, Suppl. at 10-16.) He is correct that the government can no longer rely on the residual clause to prove that he committed a crime of violence. But Petitioner's Section 924(c) conviction remains valid if armed bank robbery constitutes a crime of violence under the elements clause of Section 924(c), which *Johnson* did not affect. *See Johnson*, 135 S. Ct. at 2563; *see also United States v. Wheeler*, 857 F.3d 742, 744 (7th Cir. 2017) ("Neither *Cardena* nor *Johnson* has anything to do with the elements clauses in § 924(c) and other statutes.").

As stated above, an offense constitutes a crime of violence under the elements clause of Section 924(c) if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). "Physical force" in this context means "*violent* force—that is, force capable of causing physical pain or injury to another

4

person." *Curtis Johnson v. United States*, 559 U.S. 133, 140-42 (2010) ("*Curtis Johnson*"). The federal bank robbery statute provides in relevant part:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, . . . [s]hall be fined under this title or imprisoned not more than twenty years, or both.
> . . .
>
> (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113(a), (d). Petitioner was convicted of this offense based on his admission in the plea agreement that he had used a firearm to commit a bank robbery. *Martin*, No. 09 CR 807-2, R. 14 at 3-4. He nevertheless argues that his bank robbery conviction does not satisfy the elements clause of Section 924(c) because the offense of bank robbery "can be accomplished by 'intimidation,' which does not require the use, attempted use, or threatened use of '*violent* force.'" (R. 10, Suppl. at 11.)

Unfortunately for Petitioner, the Seventh Circuit rejected that exact argument in *United States v. Armour*, 840 F.3d 904 (7th Cir. 2016). In that case, the defendant argued that his federal bank robbery conviction did not constitute a crime of violence under the elements clause of Section 924(c) because "a person can commit robbery by 'intimidation,' as distinct from 'by force or violence.'" *Id.* at 908. The Seventh Circuit disagreed, reasoning as follows:

> A defendant properly convicted of bank robbery is guilty per se of a crime of violence, because violence in the broad sense that includes a merely threatened use of force is an element of every bank robbery. The intimidation element is satisfied if an ordinary person would reasonably feel threatened under the circumstances . . . . [T]he defendant does not have to make an explicit threat or even announce that he is there to rob the bank. Credibly implying that a refusal to comply with a demand for money will be met with more forceful measures is enough. *Curtis Johnson* teaches that the violent force that must be feared for

5

> robbery by intimidation to be a crime of violence has a low threshold—a fear of a slap in the face is enough. This low threshold of violent force is necessarily satisfied in attempted bank robbery by intimidation. A bank employee can reasonably believe that a robber's demands for money to which he is not entitled will be met with violent force of the type satisfying *Curtis Johnson* because bank robbery . . . inherently contains a threat of violent physical force.

*Id.* at 909 (internal citations and quotation marks omitted).

The Seventh Circuit concluded that the defendant's bank robbery conviction "satisfies the elements clause" of Section 924(c). *Id.* at 908. The court reaffirmed this holding in another recent case, observing that it would have been "futile" for a Section 2255 petitioner to argue that his federal bank robbery conviction did not satisfy the elements clause of Section 924(c). *Clark v. United States*, --- F. App'x ----, 2017 WL 690754, at *2 (7th Cir. Feb. 21, 2017). These cases defeat Petitioner's claim here.[3] Because federal bank robbery constitutes a crime of violence under the elements clause of Section 924(c), Petitioner's Section 924(c) conviction is not impacted by *Johnson*. Therefore, Petitioner's first claim is denied.

## II. Remaining claims

In his remaining claims, Petitioner asserts that his Fifth Amendment due process rights were violated by "the prosecutor's introduction of a jurisdictionally defective indictment," and, relatedly, that his attorney was ineffective because he did not object to the indictment. (R. 1, Pet. at 4; R. 3, Mem. at 14.) Both claims are premised on Petitioner's belief that there is an inadequate federal connection to the offense of bank robbery given that the FDIC does not insure banks for losses incurred as a result of robbery. (*Id.*) The Court agrees with the government that these claims are untimely and without merit. (*See* R. 11, Resp. at 11.)

---

[3] Petitioner cites to cases from outside this Circuit in support of his claim, (R. 10, Suppl. at 11-13), but this Court must follow the law of the Seventh Circuit. *See United States v. Glaser*, 14 F.3d 1213, 1216 (7th Cir. 1994) (observing that a district court within the Seventh Circuit "must follow our decisions").

A petition filed under 28 U.S.C. § 2255 "is subject to a one-year time limitation." *Clay v. United States*, 537 U.S. 522, 524 (2003). The limitations period begins to run on the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The timeliness of each claim contained in a Section 2255 petition "must be considered independently." *Davis v. United States*, 817 F.3d 319, 328 (7th Cir. 2016). Thus, while Petitioner's *Johnson* claim was timely given that the case was not decided until 2015, *Johnson* did not authorize Petitioner to make a "belated collateral attack" to his conviction on grounds "unrelated to *Johnson*." *Stanley*, 827 F.3d at 566.

Petitioner's claim of a defect in the indictment and his related claim of ineffective assistance of counsel do not arise from *Johnson*, nor do they involve some other newly recognized right made retroactive to cases on collateral review. Petitioner also does not claim that he has newly discovered evidence or that some governmental impediment prevented him from asserting his claims earlier. By process of elimination, Section 2255(f)(1) applies, and Petitioner had one year from the date his conviction became final to seek relief in connection with these two claims.

This Court entered judgment in Petitioner's case on January 10, 2011. *Martin*, No. 09 CR 807-2, R. 70. He did not pursue a direct appeal. His conviction became final for purposes of Section 2255(f)(1) when the time expired for filing a notice of appeal, which was 14 days after entry of judgment. *See* FED. R. APP. P. 4(b)(1)(A); *see also Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013) (holding that when a habeas petitioner does not pursue a direct appeal, the one-year limitations period under Section 2255(f)(1) begins to run when "the deadline for appeal expires"). Petitioner had one year from that date—or until late January 2012—to file a Section 2255 petition raising these two claims. His petition filed in June 2016 was thus untimely by more than four years.

The statute of limitations contained in Section 2255(f) is not jurisdictional and is subject to equitable tolling in appropriate circumstances. *Boulb v. United States*, 818 F.3d 334, 340 (7th Cir. 2016). However, "[e]quitable tolling is rare and reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Id.* (citation and internal quotation marks omitted). As a general matter, a habeas petitioner's *pro se* status or lack of knowledge of the law are not the types of extraordinary circumstances that would warrant equitable tolling. *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). Petitioner does not specifically request equitable tolling here, nor can the Court discern from his filings any legitimate basis for tolling the deadline for a four-year period such that these claims might be deemed timely. Accordingly, the Court concludes that the claims are time-barred.

Even if the claims were not time-barred, they lack merit. The argument that federal jurisdiction is lacking for bank robbery prosecutions because the FDIC does not provide insurance for robberies is frivolous and "has been repeatedly rejected." *United States v. Jamal*, No. 95 CR 9-1, 1998 WL 164866, at *2 (N.D. Ill. Apr. 3, 1998) (collecting cases); *see also*

8

*United States v. Watts*, 256 F.3d 630, 633 (7th Cir. 2001) (rejecting defendant's argument that "FDIC insurance does not provide a proper basis for Congress' exercise of its Commerce Clause power because . . . FDIC insurance does not even cover losses due to robbery" because "[r]obberies of FDIC-insured banks [ ] have an interstate economic effect that is quite independent of the coverage that FDIC insurance extends to insured banks"). There was no basis for Petitioner to object to the indictment on this ground. Because the argument lacks merit, Petitioner's trial counsel could not be considered ineffective for failing to raise it. *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996) ("Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel."). Thus, Petitioner's remaining claims would not entitle him to relief even if they were timely. For all these reasons, the petition is denied.

### III. Certificate of Appealability

To obtain a certificate of appealability, Petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). As outlined above, Petitioner's Section 924(c) conviction is unaffected by *Johnson*. His other two claims are untimely and otherwise without merit. The Court finds no basis to conclude that reasonable jurists would debate the outcome of the petition or find a reason to encourage Petitioner to proceed further. Accordingly, the Court declines to grant him a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the petition (R. 1) is DENIED, and Petitioner is DENIED a certificate of appealability.

ENTERED:

Chief Judge Rubén Castillo
United States District Court

Dated: June 28, 2017